**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRANDON HOUSER,

    Plaintiff,

v.

SERGEANT WILLIAMS, et al.,

    Defendants.

Civil Action No. 16-9072 (CCC)

**MEMORANDUM AND ORDER**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing:

1. As an initial matter, the Court notes that the Clerk inadvertently filed a complaint Plaintiff intended to file in a separate matter as an "amended document" in the instant matter. (*See* ECF No. 3.) It is clear that the second pleading asserts claims arising out of a completely different incident, and Plaintiff himself recognized this by explicitly stating that he was filing two separate suits. (*See* ECF No. 3-1 at 1 ("TWO SEPARATE SUIT[]S HAVE BEEN FILED WITH THIS COURT, FROM TWO SEPARATE DATES AND INCIDENTS[.]").)[1] As such, the Court directs the Clerk to refile the "amended document" as a separate complaint in a new matter, and also to

---

[1] Indeed, both the original Complaint and this "amended document" were filed on the same day, which makes Plaintiff's statement even more relevant with regard to his own intentions on how to construe the two separate pleadings.

1

restore the original case caption of this case. The Court's screening here, therefore, is done against the original Complaint, ECF No. 1.

2. The Court dismisses all claims against Defendants Morris County Correctional Facility Response Team, Morris County Bureau of Corrections, County of Morris, Board of Chosen Freeholders of Morris County Correctional Facility, Morris County Correctional Facility, and Morris County Sheriff's Department from the case. Although counties and their agencies are not immune from suit, *see N. Ins. Co. of N.Y. v. Chatham Cty., Ga.*, 547 U.S. 189, 193-94 (2006), "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Caldwell v. Egg Harbor Police Dep't*, 362 F. App'x 250, 251 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, to hold a municipality liable, the plaintiff must identify an official custom or policy that caused a constitutional deprivation. *Id.* at 251-52. To state a 1983 claim for municipal liability, a plaintiff must allege the existence of: (1) a policy or lack thereof; (2) a policy maker that effectuated said policy; and (3) a constitutional violation whose "moving force" was the policy in question. *Monell*, 436 U.S. at 694.

3. Here, Plaintiff indeed raises policy/custom claims against these defendants. (*See, e.g.*, ECF No. 1 at 7.) However, nowhere in the Complaint does Plaintiff identify a specific policy or custom that caused the alleged violations. "Simply paraphrasing § 1983" is insufficient to "satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (quoting *McTernan v. City of York*, 564 F. 3d 636, 658-59 (3d Cir. 2009)). Without more, the Court finds that the Complaint fails to state a claim upon which relief may be granted against these defendants, so all claims against them, and these defendants themselves, are dismissed.

4. The Court also dismisses all claims against Defendant State of New Jersey Department of Corrections ("NJDOC"). The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Eleventh Amendment immunity applies to state officials sued in their official capacity. *Kokinda v. Pa. Dept' of Corr.*, No. 16-1584, 2016 WL 5864890, at *2 (3d Cir. Oct. 7, 2016). Courts have repeatedly held that NJDOC is a state agency entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466, 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014).

5. The balance of the Complaint, which consists of Plaintiff's claims against individual defendants, is permitted to proceed.

IT IS therefore on this __25__ day of __May__, 2018,

**ORDERED** that the Clerk shall **REFILE** the "Amended Document", ECF No. 3, as a new complaint in a separate matter; the Clerk shall **RESTORE** the case caption to the original case caption based on the original Complaint; it is further

**ORDERED** that all claims against Defendants Morris County Correctional Facility Response Team, Morris County Bureau of Corrections, County of Morris, Board of Chosen Freeholders of Morris County Correctional Facility, Morris County Correctional Facility, and Morris County Sheriff's Department are hereby **DISMISSED WITHOUT PREJUDICE**, and these defendants are hereby **DISMISSED** from the case; it is further

**ORDERED** that all claims against Defendant State of New Jersey Department of Corrections are hereby **DISMISSED WITH PREJUDICE**, and this defendant is hereby **DISMISSED** from the case; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the remaining Defendants, with all costs of service advanced by the United States[2]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), the remaining Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

Claire C. Cecchi, U.S.D.J.

---

[2] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).