UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON HOUSER<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT B. WILLIAMS, et al,<br><br>Defendants. | Civil Action No. 16-9072 (CCC)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Brandon Houser for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 13]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 13] is **DENIED**.

On December 8, 2016, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* in this action. ECF No. 1.[1] Following the denial of Plaintiff's *in forma pauperis* application, Plaintiff submitted a new application with the required documents. On May 29, 2018, the Honorable Claire C. Cecchi, U.S.D.J. granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to file Plaintiff's Complaint. ECF No. 14.

Plaintiff's claims in this action arise from an incident that allegedly occurred in December of 2014 at Morris County Correctional Facility. Compl., ECF No. 1 at 3. According to Plaintiff, Sergeant Williams and other unnamed officers used excessive force while removing him from the housing unit. *Id*. at 4. Plaintiff claims that Sergeant Williams "attacked and grabbed [him] from behind by the arm and slammed him on concrete unprovoked." *Id*. As a result of that incident,

---

[1] On March 2, 2017, the Honorable Claire C. Cecchi, U.S.D.J. denied Plaintiff's *in forma pauperis* application without prejudice and with the right to submit a revised application within thirty days. ECF No. 5

1

Plaintiff now seeks monetary relief for, *inter alia*, assault, injury, post-traumatic stress, and emotional distress in the amount of $2,000,000.00 per each defendant. *See Id*. at 17.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v.*

*Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, several letters to the Court, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff's application for *pro bono* counsel states: "I cannot access law library or legal services to research" and "I have medical/mental health conditions preventing me from representing myself." ECF No. 13 at 3. Although Plaintiff states that he does not have access to certain resources and that he has health issues, Plaintiff fails to explain how this will affect his ability to present his case. In fact, Plaintiff does not provide any information relevant to the remaining *Tabron* factors. Upon the Court's own review of this matter, it appears that the legal issues are not complex, that no extensive factual investigation will be required, and that the testimony of expert witnesses will likely not be required. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which

may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 5th day of September, 2018,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 13] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**