NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON HOUSER, | Civil Action No. 16-9072 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| SERGEANT B. WILLIAMS, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge:**

Currently before this Court is Sergeant B. Williams's ("Defendant") motion to dismiss Plaintiff's complaint (the "Motion"). ECF No. 33 Plaintiff opposed the Motion (ECF No. 36), to which Defendant replied (ECF No. 37). For the following reasons, this Court will grant the Motion and will dismiss Plaintiff's complaint (the "Complaint") without prejudice for failure to comply with the service requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

According to the Complaint, Plaintiff was allegedly assaulted on December 6, 2014 by Defendant and several John and Jane Doe officers. Although this Court did not receive the Complaint until December 7, 2016, the document is dated December 1, 2016 and is accompanied by a letter which states that, upon learning of the two year statute of limitations period applicable to his claims, Plaintiff hastily drafted the Complaint and gave it to prison officials be mailed on December 4, 2016. *See* ECF No. 1-2. After numerous delays and unsuccessful attempts, Plaintiff was granted *in forma pauperis* status by this Court on May 25, 2018. ECF No. 14. In the Order granting Plaintiff that status, this Court "extended" the "time to serve process under Fed. R. Civ.

1

P. 4(m) . . . to the date 90 days after the Court permits the Complaint to proceed." Id. Later that same day, this Court issued an order which screened the Complaint and permitted it to proceed in part. ECF No. 15. Pursuant to this Court's orders, Plaintiff's time to serve his complaint was thus the ninety days between May 25, 2018, and August 23, 2018. In July 2018, however, Plaintiff submitted a letter in which he requested, among other things, more time to complete the form that would permit the United States Marshals (the "Marshals") to serve the Complaint. This Court granted that request in part on July 24, 2018, ruling that Plaintiff would have until August 24, 2018 to fill out and return the Marshals form in order to be considered timely. ECF No. 18. According to the Marshals, the service form was received returned by Plaintiff on September 18, 2018. (ECF No. 22).

Given Plaintiff's failure to timely serve the complaint, this Court issued a notice of call for dismissal pursuant to Rule 4(m) on February 22, 2019. ECF No. 26. In that call, this Court informed Plaintiff that the Complaint would be dismissed on March 22, 2019 unless he could "establish that service was effected within" the 90 day 4(m) period or "show good cause why this action should not be dismissed." Id. On March 7, 2019, Plaintiff submitted to the Court a request that he be granted an additional thirty days within which to have the complaint served as he had not yet been able to serve his Complaint but intended to do so "within 30 days." ECF No. 28. Plaintiff did not have the Complaint served within the requested thirty additional days and the Complaint was not actually served through the Marshals until June 10, 2019. ECF No. 29.

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the

facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

In his Motion, Defendant presents two arguments: (1) that the Complaint should be dismissed as time barred because it was filed on December 8, 2016 and was thus filed beyond the statute of limitations; and (2) that the Complaint should be dismissed as Plaintiff did not effect service of process until well after the expiration of the Rule 4(m) period. Turning first to Defendant's time bar argument, it is clear that Plaintiff timely filed his complaint. Actions brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to New Jersey's two-year personal injury statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). When a Plaintiff is incarcerated at the time he files his complaint *pro se*, his complaint is subject to the prison mailbox rule. Pursuant to that rule, a *pro se* prisoner's complaint is "deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing." *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Plaintiff submitted his complaint for mailing on December 4, 2016, two days before the two year statute of limitations period concluded. As Plaintiff submitted his complaint prior to the expiration of the statute of limitations, the Complaint was timely under the prison mailbox rule. *Moody*, 680 F. App'x at 144.

Defendant also argues that the Complaint should be dismissed for failure to comply with Rule 4(m). Rule 4(m) mandates that a plaintiff must serve his complaint within ninety days of the filing of the complaint. Pursuant to the rule, where a plaintiff fails to comply with this time limit, the Court, either *sua sponte* or on the motion of a party, "must dismiss the action without prejudice . . . or order service be made within a specified time [unless] the plaintiff shows good cause for the failure." Good cause in this context requires "a demonstration of good faith on the part of the party seeking an enlargement . . . and some reasonable basis for noncompliance with the time specified

4

in the rules." Good cause is generally evaluated through the consideration of three factors – the reasonableness of plaintiff's efforts to serve the complaint, any prejudice to defendants resulting from the late notice, and whether plaintiff moved for an enlargment of the time to serve." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). While a plaintiff who has been awarded *in forma pauperis* status and is entitled to service by Marshals "is not penalized for service failures when they occur 'through no fault of his own,' he must 'remedy any apparent service defects' of which he becomes aware." *George v. Warden*, 523 F. App'x 904, (3d Cir. 2013) (citations omitted).

In this matter, Plaintiff was directly informed by this Court that he was required to serve his Complaint within ninety days of its filing on May 25, 2018. ECF Nos. 14-15. This ninety day period expired on August 23, 2018. At Plaintiff's request, this Court extended that time and permitted service to be timely so long as Plaintiff submitted the required Marshals form before August 24, 2018, and Marshal service occurred shortly thereafter. Even with those extensions, however, Plaintiff did not file the Marshals' service form until mid-September, 2018, and his complaint went unserved through February 2019. Further, after Plaintiff was provided with this Court's notice of call for dismissal and given clear notice of the service deficiency, the Complaint went unserved for more than three months. It is not clear what actions, if any, Plaintiff undertook to ensure that the Complaint was served by the Marshals during that time. The record thus clearly establishes that Plaintiff failed to comply with the extended 4(m) period, and that dismissal of his complaint would be warranted under the circumstances in the absence of a showing of good cause.

In his brief, Plaintiff argues that his service issues should be excused because he requested an extension of time to serve in July 2018 which he believes should have entitled him to at least

until September 25, 2018[1] to submit the Marshals form, that he was moved during the summer, and that he didn't immediately receive the Court's order extending the time to submit the Marshals forms to August 24, 2018, that he suffers from PTSD, that he has limited legal knowledge, and that he should ultimately not be faulted for what he characterizes as the Marshals' failure to serve his complaint between October 2018 and June 2019. ECF No. 36 at 19–21. Plaintiff fails to detail any steps he took towards filling out the Marshals forms prior to September 2019, and does not describe any actions he took to ensure service after being informed that service had not been made as of late February. Plaintiff has thus failed to identify any reasonable efforts he made to timely effect service by submitting the Marshals forms within the time permitted by this Court, and has failed to show that he took any steps to address the defect in service brought to his attention directly by this Court in February 2019. In this matter, Plaintiff waited until after the extended 4(m) period had run to fill out and submit the Marshals' service form and thus made no attempts to effect service during the 4(m) period.

Regardless of Plaintiff's belief that he should have received an additional thirty days to effect service, he was never granted such an extension, and this Court thus finds that Plaintiff did not take reasonable steps towards service during the extended 4(m) period. Likewise, Plaintiff's failure to take any action towards repairing service after the notice of call for dismissal further suggests that Plaintiff has failed to show that there was a reasonable basis for his noncompliance with Rule 4(m). Combined with the prejudice to Defendants which results from being forced to defend this case after first being given notice of Plaintiff's civil suit two and a half years *after* the

---

[1] Plaintiff asserts that his letter requested a thirty-day extension of time to serve his complaint. Plaintiff's request, however, states only for an unspecified "enlargement of time to serve complaint" without any request for a specific time period, and placed this limited request in a letter addressing unrelated matters. (ECF No. 18). Plaintiff's belief that he should automatically been entitled to thirty more days to submit the Marshals form is thus unfounded.

relevant statute of limitations would otherwise have passed, Plaintiff has failed to show good cause for his failure to timely submit the Marshals forms and otherwise perfect service errors. Dismissal of his Complaint is therefore warranted under Rule 4(m).

## III. CONCLUSION

For the reasons stated above, this Court grants Defendant's Motion (ECF No. 33), and will dismiss the Complaint without prejudice for noncompliance with the requirements of Rule 4(m). The Court also denies Plaintiff's motion for the appointment of counsel (ECF No. 38) without prejudice in light of the dismissal of his Complaint. Plaintiff has forty-five (45) days to file an amended complaint that comports with this Opinion and shall take all necessary actions to ensure prompt service of the amended complaint. An appropriate order follows.

Date: March 12, 2020

**Claire C. Cecchi, U.S.D.J.**